UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT FIRTH, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) |
| MATT CHUPP, *et al.*, | ) |
| Defendants. | ) 3:09-CV-512-PPS-CAN |
| MATT CHUPP, | ) |
| Counter-Claimant, | ) |
| v. | ) |
| ROBERT FIRTH, *et al.*, | ) |
| Counter-Defendants. | ) |
| ROBERT FIRTH, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) 3:10-CV-68-PPS-CAN |
| WILLIAM GANGLUFF, *et al.*, | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Plaintiffs Robert Firth and Fan Action, Inc. have moved to remand Case No. 3:10-CV-68 to the Indiana state court, where Plaintiffs filed it before it was properly removed to this Court [DE 8]. For the sake of convenience, I will refer to the plaintiffs collectively as "Firth" in this order. Defendants in the same case have moved to consolidate that action with Case No. 3:09-

CV-512, another case pending before this Court, which was also properly removed from the same Indiana state court [DE 13]. Defendants in Case No. 3:09-CV-512 have filed a similar motion to consolidate [DE 21]. For the reasons discussed below, the Court **DENIES** the motion to remand, and **GRANTS** the two motions to consolidate.[1]

## BACKGROUND

On September 29, 2009, Firth brought suit against William Gangluff and the University of Notre Dame Du Lac in St. Joseph Superior Court in Indiana, alleging unfair competition, tortious interference and other state law claims, and a federal claim for contributory and vicarious copyright infringement (the "Gangluff action") [DE 1 in 3:10-CV-68]. That same day, Firth filed a separate suit in the same Indiana state court against Matt Chupp, Aaron Taylor, Aaron Devine, Internet Business Solutions and Colostore, alleging substantially the same claims, including the federal claim for contributory copyright infringement claim (the "Chupp action") [DE 1 in 3:09-CV-512].

Here's in summary what the complaints have to say. Matt Chupp used to work for Firth, but he left to pursue other opportunities. The claims in both cases arise from Firth's claim that Chupp stole trade secrets on his way out the door and then misused those trade secrets and other intellectual property [DE 1 in 3:10-CV-68, ¶¶ 1-11; DE 1 in 3:09-CV-512, ¶¶ 1-11] when he went to work for Firth's competitors. In particular, Chupp worked as a writer and web site monitor for Blue and Gold Illustrated, a web-based company owned by Firth that markets services relating to University of Notre Dame athletics [*Id.*]. Firth alleges that Chupp stole their trade secrets and

---

[1] Due to an oversight, the Court failed to resolve the motion to remand before now, and apologizes to the parties.

other intellectual property, and breached a non-compete agreement, when Chupp separated from Blue and Gold Illustrated to pursue business opportunities with Firth's competitors, the respective defendants in the Gangluff and Chupp actions [*Id*.].

On October 28, 2009, the defendants in the Chupp action properly removed the case to this Court, based on Firth's federal claim [DE 2 in 3:09-CV-512 ]. The Chupp action was assigned Cause No. 3:09-CV-512. Likewise, on February 25, 2010, the defendants in the Gangluff action properly removed their case to this Court, based on substantially the same federal claim [DE 2 in 3:10-CV-68]. That case was assigned Cause No. 3:10-CV-68.

On March 1, 2010, Firth filed an amended complaint in the Gangluff action containing substantially the same allegations, and many of the same state law claims as the original complaint, but dropping the contributory copyright infringement claim [DE 7 in 3:10-CV-68]. Three days later, Firth filed the pending motion to remand the Gangluff action, contending that this Court lost jurisdiction because the amended complaint deleted the federal claim that had supported removal [DE 8 in 3:10-CV-68].

The defendants in the Gangluff action subsequently moved to consolidate that case with the Chupp action, on the ground that both suits are based on the same underlying event, factual allegations and legal theories [DE 13 in 3:10-CV-68]. The defendants in the Chupp action also moved to consolidate, based on the same arguments [DE 21 in 3:09-CV-512].

## DISCUSSION

**I.    Plaintiffs' Motion to Remand the Gangluff Action**

As a preliminary matter, Firth's elimination of their federal claim from the Gangluff action does not affect this Court's jurisdiction over the case. *See Hammond v. Terminal R.R.*

*Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir. 1988) (where a complaint states a claim that is removable, "removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim"); *see also Prince v. Rescorp Realty*, 940 F.2d 1104, 1105 n.2 (7th Cir. 1991); *Price v. Highland Cmty. Bank*, 722 F. Supp. 454, 456 (N.D. Ill. 1989) (deleting the sole federal claim in a removed case "did not affect federal jurisdiction, which with immaterial exceptions depends on the facts and claims when the suit is removed, rather than on subsequent developments").

The Court, of course, has the discretion to remand the Gangluff action now that it no longer includes a federal claim. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988); *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 270 (7th Cir. 1990) ("a district court may exercise its discretion to remand a case back to state court when all independent federal bases for jurisdiction are gone and only pendent state claims remain"); *Rothner v. City of Chicago,* 879 F.2d 1402, 1406 (7th Cir. 1989) (same).

When exercising this discretion, the Court takes into account considerations of fairness, comity, and judicial economy, including whether the motion to remand is based on a tactical dismissal of the federal claim on which removal was based. *Cohill*, 484 U.S. 343 at 357. Indeed, *Cohill* emphasized that where a plaintiff has deleted its federal claims in an effort to regain the state forum the plaintiff initially chose, that fact should be taken into account to guard against forum manipulation. *Id.*; *see also Bailey v. Wal-Mart Stores, Inc.*, No. IP 00-1398, 2001 WL 1155149, at *2 (S.D. Ind. Sept. 29, 2001).

Firth's motion to remand is based on precisely the sort of voluntary tactical dismissal of a federal claim that *Cohill* cautioned against. Firth filed their amended complaint, deleting only the

4

federal claim, just four days after Defendants properly removed the case [DE 2 & 7 in 3:10-CV-68]. And Firth moved to remand just three days after amending the complaint [DE 8 in 3:10-CV-68].

If Firth valued a state court forum more than their federal claim, they should have made that decision at the time of filing. The shuttling of a case from state court to federal court and back to state court again "is a drain on the resources of the state judiciary, the federal judiciary and the parties involved." *Austwick v. Board of Educ. of Tp. High School Dist. No. 113, Lake County*, 555 F. Supp. 840, 842 (N.D. Ill. 1983). This consideration, alone, supports exercising jurisdiction over the Gangluff action. *Id.*

The drain on judicial resources caused by forum manipulation is not the only consideration that supports retaining jurisdiction over the Gangluff action. As discussed below, the Gangluff Action should be consolidated with the Chupp action because they are based on substantially the same underlying events, facts and legal theories. A remand of the Gangluff action would sacrifice the efficiencies of consolidation by requiring both this Court and the Indiana state court to adjudicate many of the same issues, based on substantially overlapping evidence.

## II. Consolidation of the Gangluff Action with the Chupp Action

Federal Rule of Civil Procedure 42(a) states that actions involving "a common question of law or fact" may be consolidated. Fed. R. Civ. P. 42(a); *see also A Traveler v. CSX Transp., Inc.*, Nos. 1:06-CV-307, 1:06-CV-56, 2007 WL 2301271, at *1 (N.D. Ind. Aug. 7, 2007). The primary purpose of consolidation is to promote convenience and judicial economy. *Miller v. Wolpoff & Abramson, LLP*, No. 1:06-cv-207, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007).

The decision to consolidate under Rule 42 is "within the discretion of the trial judge." *Miller*, 2007 WL 2473431, at *2 (citation and quotation marks omitted); *see also Sylverne v. Data Search N.Y., Inc.*, No. 08 C 0031, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008). In exercising that discretion, a court should consider whether the proposed consolidation would promote convenience and judicial economy, and whether it would cause prejudice to any party. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *Sylverne*, 2008 WL 4686163, at *1. The Seventh Circuit has stated that "considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ikerd*, 435 F.2d at 204 (7th Cir. 1970); *see also Cadillac Ins. Co. v. Am. Nat. Bank of Schiller Park*, Nos. 89 C 3267, 91 C 1188, 1992 WL 58786, at *8 (N.D. Ill. Mar. 12, 1992).

The above factors favor consolidation here. The Gangluff and Chupp actions both arise from the same underlying event: Chupp's separation from Firth's company, and alleged use of Firth's trade secrets and other intellectual property for the benefit of Firth's competitors. Both cases present common questions of law and fact, including whether Chupp misappropriated Firth's technology, customer lists, and other alleged intellectual property when he quit Blue and Gold Illustrated, and whether Firth has a protectable interest in such property.

Absent consolidation, the Court would face the possibility of conducting separate trials involving identical legal claims and substantially overlapping witnesses and documentary evidence. That would waste judicial time and resources for claims that could be more efficiently adjudicated in one trial.

Defendants in both actions favor consolidation. And the cases are in the same early stages of litigation. So consolidation would not cause undue delay or other prejudice to Firth. Indeed,

Firth has not objected to either of the pending motions to consolidate.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Remand in Case No. 3:10-CV-68 [DE 8] is **DENIED**. Defendants' Motion to Consolidate in Case No. 3:10-CV-68 [DE 13] is **GRANTED,** and Defendants' Motion to Consolidate in Case No. 3:09-CV-512 [DE 21] is likewise **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 42(a), the action pending as Case No. 3:10-CV-68 is **CONSOLIDATED** with the action pending as Case No. 3:09-CV-512. All further proceedings in these consolidated matters will occur in Case No. 3:09-CV-512. The Clerk is directed to **ADMINISTRATIVELY CLOSE** Case No. 3:10-CV-68.

**SO ORDERED**.

ENTERED: June 9, 2010

                                          s/ Philip P. Simon
                                          PHILIP P. SIMON, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT