UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ROBERT FIRTH and** ) | |
| **FAN ACTION, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 3:09CV512-PPS/CAN |
| ) | |
| **MATT CHUPP, AARON TAYLOR,** ) | |
| **AARON DEVINE, INTERNET** ) | |
| **BUSINESS SOLUTIONS, AND** ) | |
| **COLOSTORE,** ) | |
| ) | |
| **Defendants.** ) | |
| ------------------------------------------------- | *consolidated with:* |
| **ROBERT FIRTH and** ) | |
| **FAN ACTION, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 3:10CV68-PPS/CAN |
| ) | |
| **WILLIAM GANGLUF and** ) | |
| **UNIVERSITY OF NOTRE DAME** ) | |
| **DU LAC,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Plaintiffs Robert Firth and Fan Action, Inc. filed two lawsuits in the Circuit and Superior Courts of St. Joseph County, Indiana arising out of allegations of the faithlessness of their former employee, Matt Chupp. The first lawsuit (cause number 3:09cv512), filed on September 29, 2009, named as defendants Chupp, Aaron Taylor, Aaron Devine, Internet Business Solutions, and Colostore. The second complaint (cause number 3:10cv68), filed February 4, 2010, named as defendants William Gangluf and the University of Notre Dame du Lac. Both lawsuits were removed to this court by the defendants who had been served and entered their appearance, namely all

defendants except Aaron Taylor. Once in this court, the two cases have been consolidated. [DE 23]. Since then, the claims against defendant Colostore [DE 38] and defendants Gangluf and Notre Dame [DE 42] have been dismissed.

In their Notice of Removal, Taylor's co-defendants in Cause No. 3:09cv512 asserted that, on information and belief, defendant Taylor had not been properly served [DE 2 at ¶8]. Following the issuance of an order to show cause concerning timely service on Taylor, plaintiffs have acknowledged that they were unable to obtain service on Taylor and have agreed to his dismissal. [DE 54]. All claims against defendant Aaron Taylor will therefore be dismissed without prejudice.

Now before me are a motion for summary judgment filed by defendants Chupp, Devine[1] and Internet Business Solutions, and defendant Chupp's motion for sanctions under Fed.R.Civ.P. 11.

**Motion for Sanctions**

The motion for sanctions is predicated on the baselessness of Count I of plaintiffs' Verified Complaint, a claim for "Contributory and Vicarious Copyright Infringement Pursuant to the Copyright Act, 17 U.S.C. 101 et seq." The gist of Rule 11(b) provides that an attorney's "signing, filing, submitting, or later advocating" any pleading, motion or other paper constitutes his or her certification that the matter is "not being presented for any improper purpose," that the legal contentions are "warranted by existing law or by a nonfrivolous argument," and that the "factual contentions have evidentiary support or...will likely have evidentiary support" after discovery. Where a court determines that Rule 11(b) has been violated, the court may "impose an appropriate sanction on any attorney, law firm, or party that violated the rule." Fed.R.Civ.P. 11(c)(1).

---

[1] The summary judgment motion identifies the defendant as Aaron "Divine" rather than "Devine," as he is denominated in plaintiffs' pleadings.

Chupp seeks sanctions against plaintiff Firth individually, against Firth's original attorney, Doug Bernacchi, and his current counsel, Chelsea Pejic. Because Rule 11(b) expressly applies to "an attorney or unrepresented party," it does not appear to support the imposition of sanctions on plaintiff Firth personally here, because he is neither an attorney nor a party acting *pro se*.

The attorney who drafted and filed the Verified Complaint has since withdrawn from the case, and I am not persuaded that he was properly served with a copy of the motion for sanctions. Movants' certificate of service does not include attorney Bernacchi in its list of recipients, but indicates that service was via the CM/ECF system. The Notice of Electronic Filing associated with the Motion for Sanctions lists two e-mail addresses for attorney Bernacchi (under the now terminated Case Number 3:10cv68, rather than 3:09cv512). However, even if Bernacchi received the e-mail notification of the filing in a case in which he was no longer counsel of record, I cannot assume that Bernacchi would have opened and read the filing, particularly as it was identified in the docket entry as a motion for sanctions relating to a deposition and interrogatory answers which occurred after Bernacchi's withdrawal from the case. Further, the record contains no indication that Bernacchi was served with the "safe harbor" copy of the motion prior to its filing with the court, which would have allowed him an opportunity to attempt any corrective measures. I conclude that Rule 11 sanctions cannot properly be considered against attorney Bernacchi because the record does not establish that he was given adequate notice of the motion and the opportunity to defend himself against the sanctions sought.

As to plaintiffs' current counsel, she has not, *in her filings with the court*, resisted the conclusion that there is no factual basis for Count I, and so has not advocated the matter to the court in violation of the strictures of Rule 11(b). The imposition of sanctions under Rule 11 relates to

"Representations to the Court," as the heading on Rule 11(b) indicates. The motion for sanctions against Pejic is based on the assertion that she "advocated this claim by continuing to pursue it even after it became fully apparent, based on Plaintiff's deposition and discovery responses, that the claim lacked evidentiary support." [DE 30, p.5]. For Rule 11 purposes, the "continuing to pursue" must take some form of representations to the court, and Chupp identifies none by Pejic that persist in an unwarranted advocacy of the copyright claim. To the contrary, it appears that in response to Chupp's challenges of record to Count I [DE 41 & 43], Pejic has acknowledged the claim's lack of support and has not resisted its dismissal [DE 45 & 48]. The fact that, in dealings between counsel, Pejic did not capitulate on the matter to Chupp's counsel as quickly and readily as desired does not form the basis for the imposition of sanctions under Rule 11. For all of these reasons, I will deny the motion for sanctions.

## Motion for Summary Judgment and Remand to State Court

Remaining defendants Chupp, Devine and Internet Business Solutions seek summary judgment on all the claims remaining against them. As earlier noted, in response to the motion, plaintiffs concede that the copyright claim in Count I is subject to dismissal because it is "incorrect" and no claim for copyright lies. [DE 45, p. 14]. I will grant the summary judgment with respect to Count I, which will be dismissed with prejudice.

Thereafter, only state law claims remain, because the only other claim supported by federal question jurisdiction – the RICO claim in Count XI – has already been dismissed as against all defendants. [DE 39]. The remaining claims in Counts II through X are for misappropriation of a trade secret, unfair competition, breach of contract, unjust enrichment, conversion, intentional infliction of emotional distress, disclosure of trade secrets, malicious interference with employment

4

contract, and wrongful appropriation of customer lists.  After the removal of the case to this court, defendant Chupp asserted four counterclaims for defamation, intentional infliction of emotional distress, failure to pay wages and punitive damages.  These, too, are state law claims over which the court would exercise supplemental jurisdiction under 28 U.S.C. §1367.

In instances like this, where all federal law claims have been eliminated and only supplemental state law claims remain, a district court has discretion to remand a properly removed case to state court.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  Indeed, the Seventh Circuit has repeatedly expressed its preference that district courts take this course of action.  *See, e.g.*, *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

In order to decide whether to retain jurisdiction over supplemental state law claims, a district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity.  *Carnegie-Mellon Univ.*, 484 U.S. at 350.  These factors weigh in favor of remand.  Notions of comity support remand since this Court should defer to the St. Joseph County Court's interest in enforcing the laws of the State of Indiana.  The convenience of retaining the consolidated cases in this court so as to obtain the efficiencies of consolidation is no longer an issue, since the Gangluf/Notre Dame action has been disposed of.  And there is no serious risk of unfairness to any of the parties or a loss of judicial economy because the remainder of the issues raised in the

summary judgment motion can easily be reasserted in and resolved by the state court, applying state law. Therefore, what remains of the case will be remanded to St. Joseph Circuit Court.

## Conclusion

In view of plaintiffs' failure to timely obtain service of process on defendant Aaron Taylor, and with plaintiffs' consent [DE 54], **plaintiffs' claims against defendant Aaron Taylor** are **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 4(m) for lack of timely service.

Defendant Chupp's **Motion for Sanctions** [DE 43 in 3:09CV512; DE 30 in 3:10CV68] is **DENIED**.

The **Motion for Summary Judgment** of defendants Chupp, Devine and Internet Business Solutions [DE 41 in 3:09CV512; DE 28 in 3:10CV68] is **GRANTED as to Count I** of the complaint, and **in all other respects is DENIED WITHOUT PREJUDICE** to being refiled in the state court following remand.

The case of *Robert Firth and Fan Action, Inc. v. Matt Chupp, et al.*, **Case No. 3:09cv512-PPS**, is hereby **REMANDED** to the Circuit Court of St. Joseph County.

**SO ORDERED.**

**ENTERED:** December 27, 2011

    /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT